UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IMPRESSIVE PRINTING, INC. | CIVIL ACTION |
| VERSUS | NO. 05-1609 |
| LANIER WORLDWIDE, INC., ET AL | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is Impressive Printing's Motion to Remand. For the reasons that follow, plaintiff's motion is GRANTED.

## I. BACKGROUND

Plaintiff Impressive Printing, Inc. ("Impressive") filed this action in the 24th Judicial District Court for the Parish of Jefferson on April 11, 2005, against Defendants Lanier Worldwide, Inc. ("Lanier") and CIT Technology Financing Services, Inc. ("CIT"), seeking the rescission and/or dissolution of the agreement by which it leased a copier and accessories from Lanier.[1] Plaintiff additionally seeks damages as a result of defendant's alleged breach of said agreement and other wrongful conduct.

Defendant CIT, with the consent of Lanier, removed the case to this Court on April 27, 2005, pursuant to 28 U.S.C. §§ 1441(a) and (b). In its Notice of Removal, CIT points to paragraph 18(j) of the complaint filed in state court, which provides as follows:

> During the confection of the agreements, and the continuing performance and nonperformance of the agreements, defendants have engaged in a course and pattern of conduct contrary to the Louisiana Unfair Trade Practices Act, in the following nonexclusive particulars...(j) Such other acts of omission and commission as may be proven at the trial of this matter and that may be in violation of the

---

[1] Plaintiff has sued CIT because Lanier assigned the lease agreement to CIT. Further, CIT purchased the leased equipment from Lanier.

>Louisiana Unfair Trade Practices Act, the **Fair Debt Collection Practices Act**, the Anti-Trust laws, and all other applicable laws.

CIT urges in its Notice of Removal that because the complaint refers to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, it alleges a claim arising under the laws of the United States and that the Court consequently has federal question jurisdiction under 28 U.S.C. § 1331 with respect to such claim and supplemental jurisdiction under 28 U.S.C. § 1367 with respect to all other claims.[2]

Subsequently, plaintiff filed an amended complaint in this Court, in which it deleted all language that might be interpreted as referencing federal law.[3] It then filed the Motion to Remand presently before the Court. In its motion, plaintiff urges the Court to remand this case to the 24th Judicial District Court for the Parish of Jefferson, pursuant to 28 U.S.C. § 1447, on the ground that the case was improperly removed due to the Court's lack of subject matter jurisdiction over the matter.

## II. LAW AND ANALYSIS

Removal jurisdiction is provided for by 28 U.S.C. § 1441, which states as follows: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2005).

---

[2]Defendant has not alleged the existence of diversity jurisdiction.

[3]Specifically, plaintiff amended paragraph 18(j) of the original complaint to read as follows: "(j) Such other acts of omission and/or commission as may be proven at the trial of this matter and that may be in violation of the Louisiana Unfair Trade Practices Act and all other applicable laws of the State of Louisiana."

Additionally, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (2005). Courts have original jurisdiction with respect to those matters over which they have either federal question or diversity jurisdiction. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

If, after a case is removed, it is discovered that the federal district court lacks subject matter jurisdiction, the case shall be remanded, provided a final judgment has not been entered. 28 U.S.C. § 1447(c) (2005). For purposes of removal and remand, whether the action is one over which the district courts of the United States have original jurisdiction is determined by the substance of complaint at the time the petition for removal is filed. *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-538 (1939)). Therefore, we look to plaintiff's complaint as it existed prior to plaintiff deleting all references to federal law, and plaintiff's amendment of the complaint does not in itself divest the Court of jurisdiction over this matter.

Plaintiff claims that removal was inappropriate because federal question jurisdiction under 28 U.S.C. § 1331, on which defendant based removal, has never existed in this case for the following reasons: (1) at most, the petition makes only an oblique reference to federal law; and, (2) because a claim under the FDCPA can not be meritoriously made in this case, reference to such act can not create subject matter jurisdiction.

The plaintiff is the master of his complaint. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). As master of his complaint, the plaintiff may choose to rely exclusively on state law

and thereby avoid federal jurisdiction. *Id. See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, whether a cause of action presents a federal question is dependent upon the allegations of the plaintiff's well-pleaded complaint. *Id.* Thus, if, on its face, the plaintiff's complaint does not contain an issue of federal law, then federal jurisdiction does not exist. *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1160 (5th Cir. 1989) (citing *Franchise Tax Bd. of State of Cal. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

Because federal courts are of limited jurisdiction, the burden of establishing federal jurisdiction rests with the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Therefore, Lanier must prove that federal jurisdiction existed at the time of removal and that removal was appropriate. *See id. See also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (finding that "the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper"). Additionally, any ambiguities with respect to the propriety of removal must be construed against removal, as the removal statute is to be strictly construed in favor of remand. *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

With respect to its first assertion in support of remand, Plaintiff urges that the original complaint makes, at most, only an "oblique" reference to federal law, which is not sufficient to confer federal subject matter jurisdiction. Plaintiff cites *Avitts v. Amoco Prod. Co.*, 53 F.3d 690 (5th Cir. 1995), in which the Fifth Circuit found that removal was improper because no federal question was ever alleged upon which the district court could base jurisdiction. The defendants in *Avitts* removed the case to federal court, citing the following language from the complaint as stating a claim arising under federal law: "It is expected that the evidence will reflect that the damages caused by

the Defendants are in violation of not only State law *but also Federal law.*" *Id.* at 692. The Fifth Circuit found that this language contained only an "oblique reference to Appellants' violation of unspecified federal laws" and held that the action should have been promptly remanded. *Id.* at 693.

Plaintiff further argues that paragraph 18 of the original complaint alleges a cause of action under the Louisiana Unfair Trade Practices Act ("LUTPA"), LA. REV. STAT. § 13:1401 (2005), and that subparagraphs (a) through (j) of paragraph 18 describe acts of defendant which constitute violations of the statute. Plaintiff urges that subparagraph 18(j), the subparagraph that refers to the FDCPA, does not assert a claim under said act, but rather suggests conduct in violation of LUTPA, as do the other subparagraphs under paragraph 18.

In response to plaintiff's assertions, CIT contends that *Avitts* is readily distinguishable from the instant case in that the complaint here, unlike the one in *Avitts*, identifies specific federal laws–the FDCPA and the anti-trust laws–and, therefore, contains more than an oblique reference to federal law. CIT also argues that the complaint clearly alleges federal causes of action that are separate and distinct from plaintiff's allegations based on state law.

While the complaint does certainly refer to a specific federal law, the Court finds such reference ambiguous. When considering subparagraph 18(j) in isolation, plaintiff's reference to the FDCPA and the anti-trust laws appear to state separate and additional claims under those laws. However, a reading of paragraph 18 in its entirety leads to the plausible, if not obvious, conclusion that subparagraph 18(j), like the other subparagraphs of paragraph 18, identifies acts of the defendant that constitute alleged violations of the FDCPA. Because, as mentioned above, ambiguities with respect to removal should be construed in favor of remand, the unclear phrasing of paragraph 18 of

plaintiff's complaint weighs in favor of remanding this case to state court.[4]

As an additional basis for remand, plaintiff urges that, under the facts of this case, a claim under the FDCPA is legally untenable and, therefore, insufficient to confer subject matter jurisdiction upon the Court. Defendant counters by stating that the merits of the case are not before the Court and that the tenability of plaintiff's claim is not relevant to the jurisdictional inquiry. Defendant cites *Bell v. Hood*, 327 U.S. 678, 681-83 (1946), wherein the Supreme Court stated, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."

Defendant is correct that the fact that a federal claim lacks merit does not in itself divest the court of jurisdiction. The Fifth Circuit has held that, ordinarily, a court should assume jurisdiction over a case and then decide the case on the merits when the basis of federal jurisdiction and the federal cause of action are intertwined. *See Eubanks v. McCotter*, 802 F.2d 790, 792-793 (5th Cir.

---

[4] It should be noted that, even if a complaint does not contain a federal question on its face, federal question jurisdiction may be found when a complaint states a cause of action under state law and "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." Defendant CIT does not argue that resolution of federal issues are necessary to resolve plaintiff's state law claims. Moreover, such an argument would fail, since no federal right is an essential element of plaintiff's contract or LUTPA claims. Although conduct that violates the FDCPA could potentially fall within the scope of the LUTPA, a violation of the FDCPA is not an element of the LUTPA. Because no federal right is an element of plaintiff's state claims, no federal right need be interpreted. Plaintiff's complaint appears to allege that the FDCPA violation is one of several alternate grounds for finding a violation of the LUTPA. Thus, the federal question is not a necessary element of the plaintiff's state claims, and does not create federal question jurisdiction. The Fifth Circuit's holding in *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001), which contained facts almost identical to the ones in the instant case, bolsters this conclusion. In *Howery*, the Fifth Circuit found that where the plaintiff's complaint referred to defendant's alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1682, *et seq.*, merely to point out conduct which constituted a violation of the Texas Deceptive Trade Practicees act, Tex. Bus. & Com.Code § 17.41, *et seq.* (2002), federal question jurisdiction did not exist for the same reasons as mentioned above.

1986). This does not mean, however, that a court may never determine that jurisdiction is lacking in a federal question cause of action. *Grant v. Winn Dixie La., Inc.*, No. CIV.A.89-3916, 1989 WL 159363, at *2 (E.D. La. Dec. 14, 1989) (citing *Carmichael v. United Technologies Corp.*, 835 F.2d 109 (5th Cir. 1988)). A court may appropriately find the absence of subject matter jurisdiction in cases where the federal claim clearly appears to be "immaterial and is invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly insubstantial and frivolous." *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988). A claim should be determined to be "wholly insubstantial" if (1) it has "no plausible foundation" and is therefore "obviously without merit"; or (2) it is clearly foreclosed by prior Supreme Court decisions. *Grant,* 1989 WL 159363, at *3; *Menard v. Bd. of Trustees of Loyola Univ.*, No. CIV.A.04-112, 2004 WL 574727, at *1 (E.D. La. Mar. 22, 2004).

The Court finds that, even if it may be said that plaintiff's complaint asserts a claim under the FDCPA, such claim is obviously without merit. Plaintiff does not even attempt in its complaint to allege facts which would support a claim under the FDCPA. Furthermore, as noted by plaintiff in its memorandum, the definitions provided in the FDCPA specifically limit the scope of the act. The act defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5) (2005). Because the underlying transactions and alleged debts involved in the instant case are commercial in nature, in that they involve the lease of a copier and other corresponding equipment for plaintiff's business, the dispute at hand clearly falls outside the scope of the FDCPA. Additionally, the Act defines a "debt collector" as "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6) (2005). The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692(a)(6)(A) (2005). It is not alleged anywhere in the complaint that the principal purpose of either defendant is debt collection or that either company regularly collects or attempts to collect debts due to others. Moreover, in light of subparagraph 1692(a)(6), it may not be legitimately argued that the employees of either of the defendant companies are debt collectors for those companies. In sum, the facts of this case fall wholly outside of the purview of the FDCPA. Rather, the Court is presented with a garden variety breach of contract dispute. Thus, the Court finds that a claim under the FDCPA upon the facts of this case has no plausible foundation and is not substantial enough to establish subject matter jurisdiction.

Although the issue of whether a claim is wholly insubstantial has mainly arisen in cases wherein the defendant seeks to dismiss the plaintiff's federally filed claim for lack of subject matter jurisdiction, this Court has also remanded cases on such basis. *See e.g., Patterson v. J.T. Hamrick*, 889 F. Supp. 913, 915-16 (E.D. La. 1995).[5] Moreover, a case may not be removed to federal court unless subject matter jurisdiction exists. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). If a case may be dismissed because a federal claim is not substantial enough to provide jurisdiction, then it should be able to be remanded for the same reason. Therefore, the Court does not find difficulty applying the "wholly insubstantial" doctrine in this context–a motion to remand.

---

[5]In *Patterson*, this Court remanded the case before it to state court, finding that no federal question was presented by a claim based on a federal statute that did not create a private cause of action against the defendant.

### III. CONCLUSION

Because it is ambiguous, at best, whether plaintiff, in its original complaint, attempts to seek relief under federal law, and because a claim by plaintiff under the FDCPA would be wholly insubstantial, the Court finds that this case should be remanded. In deciding to remand this action to state court, the Court additionally notes that where, as here, all federal claims have been dismissed or abandoned, a district court has substantial discretion to remand the remaining state law claims. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988)).

Accordingly, it is hereby ORDERED that plaintiffs motion to remand is GRANTED and that this case shall be REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, this 9th of November, 2005.

Kurt D. Engelhardt
United States District Judge